UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EUGENE J. FISCH,

                              Plaintiff,

    -v.-
                                                5:11-CV-1297

CONSULATE GENERAL OF THE                 (TJM/ATB)
REPUBLIC OF POLAND, *et al.*,

                              Defendants.

APPEARANCES:

EUGENE J. FISCH
Plaintiff *pro se*

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      The Clerk has sent to the court for review a complaint, together with an application to proceed *in forma pauperis* filed by plaintiff, Eugene J. Fisch. (Dkt. Nos. 1, 2). Plaintiff has also filed a motion for appointment of counsel. (Dkt. No. 3).

**I.**    ***In Forma Pauperis* (IFP) Application**

      A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). The form indicates that plaintiff is unemployed and his only income is Social Security. *Id.* Thus, for purposes of this Order, the Court finds that plaintiff meets the economic criteria for proceeding without the payment of fees.

      In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *Fitzgerald v. First East Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp*., 550 U.S. at 555).  The Court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II.     Complaint**

This is not the first time plaintiff has brought these claims in federal court. Plaintiff filed a complaint in the Southern District of New York on August 13, 2007. (Case No. 07-CV-7204). Plaintiff brought the action against numerous defendants who appear to all be connected with the Republic of Poland.[1] *Id.* Plaintiff was granted IFP status, and some defendants were served. (*See* S.D.N.Y. Case No. 07-CV-7204, Dkt. Nos. 12–16). There were default judgment proceedings, and an order of default judgment (S.D.N.Y. Case No. 07-CV-7204, Dkt. No. 20) was later vacated (S.D.N.Y. Case No. 07-CV-7204, Dkt. No. 51). As part of the order vacating the default judgment and granting defendants' motion to dismiss, Chief United States District Judge Loretta A. Preska also dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), holding that "many, if not all, [d]efendants are immune from suit." *Fisch v. Republic of Poland*, No. 07 Civ. 7204, 2009 U.S. Dist. LEXIS 108648, at *5–6, 2009 WL 4030823 (S.D.N.Y. Nov. 20, 2009). Judge Preska also held that plaintiff's claims, based on the allegation that the Republic of Poland hired him to conduct a worldwide media campaign for $20 million and that the Republic of Poland then authorized an official to drug and rape plaintiff as a reward for

---

[1] Plaintiff brought the action in S.D.N.Y. Case No. 07-CV-7204 against the Republic of Poland; Krzstof Dabrowski, Trade Commissioner; Krzystof Kaspryzyk, Consul General; Beda Peksa-Krawiec, Permanent Mission of the Republic of Poland to the United States; Janusz Reiter, Ambassador; Wojciech Frela, Deputy Chief of Mission; Artur Wardzynski, First Secretary, Political Department, Republic of Poland Embassy; Lech Kaczynski, Presidend to Poland, Chancellery of the President of the Republic of Poland; Jaroslaw Kaczynski, Prime Minister-Chairman of the Council of Ministers of the Republic of Poland; and Anna Fortyga, Secretary of State in the Ministry of Foreign Affairs.

3

negotiating the agreement, "present a factual scenario that is not only implausible but also fantastic and delusional. This court will not adjudicate such works of fiction." *Fisch v. Republic of Poland*, 2009 U.S. Dist. LEXIS 108648, at *5–6. Judge Preska also held that any appeal of her decision would not be taken in good faith. *Id.* Plaintiff disregarded the court's instruction, and appealed Judge Preska's decision, and the Second Circuit dismissed the appeal pursuant to 28 U.S.C. § 1915(e) as frivolous. (S.D.N.Y. Case No. 07-CV-7204, Dkt. No.62).

Plaintiff then filed a similar, 476-page complaint in New York State Supreme Court, New York County, which was subsequently removed to federal court and given two separate docket numbers: 11 Civ. 4182 and 11 Civ. 4183. *See Fisch v. Consulate General of the Republic of Poland*, Nos. 11 Civ. 4182, 11 Civ. 4183, 2011 U.S. Dist. LEXIS 97549, at *1–2, 2011 WL 3847398 (S.D.N.Y. Aug. 30, 2011). The cases were consolidated because they were based on the same state court complaint. *Id.* at *4. In addition to suing essentially the same Polish defendants in his second action,[2] the plaintiff also included as defendants the federal court officials[3] who were involved in dismissing the 2007 case, and the representatives of the news media who

---

[2] Consulate General of the Republic of Poland; the Trade Commission of the New York Embassy of the Republic of Poland; the Embassy of the Republic of Poland; Ambassador Robert Kupiecki; Krzysztof Dabrowski; Wojciech Frela, Artur Wardzynski; Krzystof W. Kaspryzyk; Jaroslaw Kaczynski; Anna Fotyga; Ambassador Janusz Reiter; Beata Peksa-Krawiec; Dariusz Wojtaszek; R. Sikorski; W. Solgostowski; and Wojciech Lukasiewicz. *Id.* at n.2.

[3] United States District Court Judges Loretta Preska and Kimba Wood; United States Second Circuit Court of Appeals Judges Dennis Jacobs and Debra Livingston; and United States Second Circuit Court of Appeals Clerk's Office employees Joy Fallek, Judy Pissonant, and Ahronda Crossman. *Id.* at n.3.

4

apparently reported on the 2007 case.[4]

On August 30, 2011, United States District Judge Shira Scheindlin dismissed the consolidated cases based on judicial immunity and the prolixity of plaintiff's complaint, which the court held failed to comply with Rule 8 of the Federal Rules of Civil Procedure.[5]  *See Fisch v. Consulate General of the Republic of Poland*, Nos. 11 Civ. 4182, 11 Civ. 4183, 2011 U.S. Dist. LEXIS 97549, 2011 WL 3847398 (S.D.N.Y. August 30, 2011) (collecting cases).  The Southern District of New York dismissed plaintiff's consolidated complaints with leave to file an amended complaint within 30 days.  If plaintiff had submitted an amended complaint that the court found substantially complied with Rule 8, the action would have been allowed to proceed.  If plaintiff failed to submit an amended complaint within the 30 day period described above, then the dismissal would have been with prejudice.  *Fisch v. Consulate General of the Republic of Poland*, 2011 U.S. Dist. LEXIS 97549, at *9 (citing *O'Neil v. Ponzi*, 394 F. App'x 795 (2d Cir. 2010) (stating that where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible, a district court may dismiss the amended complaint *sua sponte*)).  Plaintiff did not file an amended complaint in the Southern District of New York, but instead filed essentially the same complaint in the Northern District of New York,

---

[4] Plaintiff named as defendants Busboy Productions, Inc., Spartina Productions, Inc., Comedy Partners, L.L.P., Stephen Colbert, and Newsweek, Inc.  S.D.N.Y. Case No. 11 Civ. 4183.

[5] Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

5

perhaps due to a footnote in Judge Scheindlin's opinion, suggesting that plaintiff could alternately decide to file a complaint in the Northern District of New York. *Fisch v. Consulate General of the Republic of Poland*, 2011 U.S. Dist. LEXIS 97549, at *10 n.23.[6]

Little has changed in the instant complaint, which was filed on November 1, 2011, well after the 30-day deadline that Judge Scheindlin set for the filing of an amended complaint in the Southern District of New York. Plaintiff has included essentially the same defendants as in his second complaint in the Southern District of New York, including the judges who Judge Scheindlin explicitly dismissed based on judicial immunity. *Fisch v. Consulate General of the Republic of Poland*, 2011 U.S. Dist. LEXIS 97549, at *5–6. The complaint filed in this district consists of 369 pages of largely single-spaced text that appears to allege, as did plaintiff's previous actions, that the Republic of Poland authorized a government official to drug and rape him. (Dkt. No. 1). As Judge Scheindlin stated in the Memorandum Opinion and Order dismissing plaintiff's consolidated cases in the Southern District of New York, the complaint is "prolix and unintelligible" and "[n]either this Court, nor any party, should have to wade through endless pages of narrative to discern the causes of action asserted and the relief sought." *Fisch v. Consulate General of the Republic*

---

[6] Plaintiff had filed a motion to transfer the second round of Southern District of New York actions to the Northern District of New York, where he apparently now resides. (S.D.N.Y. Case No. 1:11-CV-4182, Dkt. No. 11). While Judge Scheindlin did not address this motion, it appears that the numerous defendants and the conduct giving rise to plaintiff's action had, few if any, connections to this district, such that it would be unlikely that venue would properly lie in the Northern District of New York.

*of Poland*, 2011 U.S. Dist. LEXIS 97549, at *9.

Filing a complaint in the Northern District did not eliminate the requirement explained by Judge Scheindin, that future complaints filed by plaintiff would need to comply with Rule 8.  Filing in the Northern District does not relieve plaintiff of the requirement that he comply with the rules, especially after he has repeatedly filed essentially the same complaint[7] and repeatedly refused to comply with the directives given by the court.  Plaintiff's complaint remains long, confusing, and apparently practically identical to the one filed in the Southern District of New York, dismissed by Judge Scheindlin.

This court finds the instant complaint, as Judge Preska found plaintiff's complaint filed in 2007 in the Southern District of New York, "squarely within the category of cases that must be dismissed." *Fisch v. Republic of Poland*, 2009 U.S. Dist. LEXIS 108648, at *5.  Plaintiff continues to sue defendants, many of whom are immune from suit, in an unwieldy complaint that again fails to comply with Rule 8, based on frivolous and delusional allegations.  *See id; see also Fisch v. Consulate General of the Republic of Poland*, 2011 U.S. Dist. LEXIS 97549 (S.D.N.Y. Aug. 30, 2011).  Accordingly, plaintiff's complaint should be dismissed, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii), because it is frivolous and malicious; it fails to state a plausible claim on which relief may be granted; and it seeks relief against defendants who are immune from such relief.

---

[7] Although unnecessary to this court's decision, to the extent that any of the claims that plaintiff brings in this case are identical to those dismissed in the Southern District, they would be barred by collateral estoppel.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(iii), and it is

**ORDERED,** that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: November 9, 2011

*/s/ Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge