**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

EUGENE J. FISCH,

                              Plaintiff,

      -vs-                                                        11-CV-1297

CONSULATE GENERAL OF THE
REPUBLIC OF POLAND, et al.,

                              Defendants.


_____

**Thomas J. McAvoy,**
**United States District Judge**

### DECISION and ORDER

        By Order dated March 15, 2012 this Court denied *pro se* Plaintiff Eugene Fisch's motion for

leave to file an amended complaint.  The Court granted Plaintiff leave to renew and directed that he:

(i) submit a complete pleading that will supersede the prior pleading in all respects; (ii) set forth

specifically the proposed amendments and identify the amendments in the proposed pleading, either

through the submission of a red-lined version of the original pleading or other equivalent means;

(iii) demonstrate why venue in this District is proper; and (iv) demonstrate how his claims are

within the applicable statute of limitations.  Plaintiff was further directed to comply with Fed. R.

Civ. P. 8's requirement of a short and plain pleading.

        Despite prior opportunities to cure his pleading,[1] Plaintiff's proposed Amended Complaint

_____

        [1] See Fisch v. Consulate General of Republic of Poland, 2011 WL 3847398 (S.D.N.Y. 2011)
(finding Plaintiff's similar Complaint filed in the Southern District of New York to be "indisputably
prolix and often unintelligible" and dismissing the complaint with leave to renew); see also Dkt. No.
31.

continues to be long, rambling and confusing, in violation of Rule 8's requirement of a short and plain statement and the Court's prior instructions.  Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988).  The proposed Amended Complaint is over three hundred pages long, has over one thousand two hundred separately numbered paragraphs, and improperly pleads evidence and citations to legal sources.  This alone provides a basis for dismissing the Complaint.  Id.

Further, the named Defendants are employees of the Washington Post, Newsweek, the Trade Commission of New York, the Embassy of the Republic of Poland, the Consulate General for the Republic of Poland of New York, District Court Judges from the Southern District of New York, Circuit Court Judges from the Second Circuit Court of Appeals, and certain employees of the Second Circuit Court of Appeals, none of whom have any apparent contact or relationship with this District and many of whom are entitled to immunity.  There is no allegation that any of the Defendants reside in this District.  The Complaint similarly concerns allegations that have no reasonable relationship to this District.  See Stich v. Rehnquist, 982 F.2d 88 (2d Cir. 1992) (approving of sua sponte dismissal for improper venue in extraordinary circumstances).  The underlying conduct is alleged to have occurred in New York City, which is outside of this District. There are no allegations concerning conduct giving rise to Plaintiff's claims that occurred in this District.  This, too, provides a basis for dismissal.[2]  Lastly, the Complaint asserts numerous tort claims that occurred in 2006, more than three years before the filing of the instant action in 2011,

---

[2] Similar to the instant case, the plaintiff in Stich filed a lengthy complaint naming various Justices of the United States Supreme Court, a former United States Attorney General, bankruptcy judges in the Ninth Circuit and others in connection with a claimed conspiracy that had no relation to the Southern District of New York where the complaint was filed.  Also akin to the instant case, Stich had made similar allegations in other cases brought elsewhere (here Plaintiff brought a prior proceeding in the Southern District of New York).  The Second Circuit found those circumstances to be sufficiently extraordinary to warrant sua sponte dismissal on the ground of improper venue. The Court finds this reasoning to equally apply to the instant action.

thereby justifying the dismissal of those claims.  Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

For the foregoing reasons, Plaintiff's motion to reopen the case (Dkt. No. 32) is DENIED,

his motion for leave to file an Amended Complaint is DENIED (Dkt. No. 29), and his motion to

disqualify the undersigned (Dkt. No. 32) is DENIED as lacking any arguable basis in law or fact.

Any other pending motions are DENIED AS MOOT.  In light of the nature of the allegations in

Plaintiff's Complaint and proposed Amended Complaint, the fact that prior similar litigation was

filed and dismissed in the Southern District of New York, and Plaintiff's numerous frivolous filings

in this Court, with the exception of any timely notices of appeal, Plaintiff is hereby ENJOINED

from any further filings in this action  without leave of the Court.  See Bridgewater Operating Corp.

v. Feldstein, 346 F.3d 27, 30 (2d Cir. 2003); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir.

1986).[3]

**IT IS SO ORDERED.**

Dated: April 26, 2012

Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] Considering the Safir factors, the Court finds that an injunction is appropriate.  First, Plaintiff has commenced several actions arising out of the same underlying conduct, see Fisch v. Republic of Poland, Nos. 11 Civ. 4182; 11 Civ. 4183, 2011 WL 3847398 (S.D.N.Y. 2011); Fisch v. Republic of Poland, No. 07 Civ 7204, 2009 WL 4030823 (S..D.N.Y. 2009); Fisch v. Republic of Poland, No. 11/105726 (Supreme Court New York County).  All the prior cases have been dismissed, largely on grounds of frivolity.  Second, given the nature of the allegations and the rulings in the prior cases, Plaintiff cannot have an objective, good faith expectation of prevailing.  Third, Plaintiff's litigiousness poses an unnecessary burden on the Court.  Fourth, other sanctions would not be adequate to protect the Court or the Defendants.